UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORE BARTON,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant | CASE NO. 21-cv-9662-RMI<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF's PETITION FOR 42 U.S.C. §406(b) ATTORNEY FEES |

    After Plaintiff Lenore Barton brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case, and the Commissioner issued a favorable decision. Her attorney, Katherine Siegfried, now seeks $17,433.75 in attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 26. For the following reasons, the Court GRANTS the motion.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

    After Ms. Barton applied for disability benefits, her application was denied initially, at reconsideration, after an initial administrative hearing, and at the Appeals Council. (AR 1). This action for judicial review was then filed pursuant to 42 U.S.C. §§ 405(g) on Ms. Barton's behalf. ECF No. 1. This Court found in Ms. Barton's favor and issued an order remanding for further proceedings. ECF No. 22. The Court subsequently granted the parties' stipulation for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412, in the amount of $9,800. ECF No. 25.

    On remand, the Commissioner granted Plaintiff's application and awarded disability benefits and $69,735 in past-due benefits. ECF No. 26, Ex. 3. Under a contingency fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits resulting from a favorable disability decision. ECF No. 26, Ex. 4.

In the Notice of Award, Plaintiff was informed that 25% of the past-due disability benefits amounted to $17,433.75 and that this amount was set aside to pay her attorney fees. ECF No. 26, Ex. 3.

## II. LEGAL STANDARD

Attorneys handling Social Security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to 406 of the Social Security Act is paid out of a successful claimant's past-due benefits. See 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by *Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . .who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. Id. At 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht,* 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Id. at 1151. The

reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." Id. at 1150.

### III. DISCUSSION

The Court finds counsel has met her burden to demonstrate that the requested fees are reasonable. As noted above, Plaintiff entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap. There is no evidence that Siegfried's performance was substandard; to the contrary, counsel's representation resulted in Plaintiff receiving $69,735 in past-due benefits. See *Matos v. Saul*, 2021 WL 1405467, at *2 (N.D. Cal. Apr. 14, 2021)(awarding 25% under contingent fee agreement where plaintiff received $109,899.60 in benefits upon remand); *Khlopoff v. Saul*, 2020 WL 7043878, at *2 (N.D. Cal. Dec. 1, 2020) (awarding 25% under contingent fee agreement where plaintiff received $73,209.00 in benefits upon remand).

Plaintiff's counsel states her non-contingency based hourly rate for appellate cases (not related to Social Security) is currently $500 per hour. ECF No. 26, Ex. 1. She also states she spent 47.3 hours working on this case, leading to an effective hourly rate of $369 per hour. Further, the Court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112); see also *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."). As such, the requested fee is reasonable because of the substantial risk of loss. See *Crawford*,

586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *McCullough v. Berryhill*, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving effectively hourly rate of $874.72); *Harrell v. Berryhill*, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding de facto hourly rate of $1,213 reasonable under *Gisbrecht*); *Lopez v. Colvin*, 2017 WL 168060, at * 2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131); *Palos v. Colvin,* 2016 WL 5110243, at * 2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546.39). The Court therefore finds the requested fees are reasonable.

Once the Court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. Gisbrecht, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. Gisbrecht, 535 U.S. at 796. The Court acknowledges that, in this case, the EAJA award was garnished to recover a federal debt. ECF No. 26, Ex. 5. Therefore, the fees payable through 42 U.S.C. §406(b) are not subject to reduction by the EAJA award. ECF No. 26, Ex. 4.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $17,433.75, payable to Katherine Siegfried. The Court ORDERS the award of attorney fees pursuant to 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy, to the extent that such past-due benefits are available and not used to pay an attorney fee under 406(a).

IT IS SO ORDERED.

**Dated:** December 18, 2024

*(signature)*

**Honorable Robert M. Illman**